NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 23, 2021[*]
Decided February 26, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 20-1555 | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| ROGER C. DAY, JR., *Plaintiff-Appellant,* | |
| *v.* | |
| SUBSECRETARIO DEL SISTEMA PENITENCIARO FEDERAL, *et al.,* *Defendants-Appellees.* | No. 2:19-cv-00587-JPH-MJD James Patrick Hanlon, *Judge.* |

**Order**

Roger Day, who is serving a prison sentence in the United States, was apprehended in Mexico in 2008 and confined there until his extradition in 2010. Contending that he was tortured while in Mexico, he seeks damages under the Torture Victim Protection Act, 28 U.S.C. §1350 note, and other statutes. After screening under 28 U.S.C. §1915A,

---

[*] None of the defendants has been served with process and none has participated in the appeal. We have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the district court dismissed the complaint on the ground that it lacks personal jurisdiction over any of the defendants.

Day describes the five defendants as Subsecretario del Sistema Penitenciario Federal, Director General de Translado de Reos y Seguridad Penitenciaria, Comisionado Titular del Organo Desconcentrado de Prevencion y Readaptacion Social, Director General del Centro de Readaptacion Social Numero 5 Oriente, and Consejo Tecnico Interdisciplinario del Centro Federal de Readaptacion Social. These are job titles, not persons. If we understand the defendants *as* the jobs, then we must treat this as a suit against Mexico, for to sue a public official in an official capacity is to sue the unit of government itself. See *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

As a suit against Mexico, it is outside the subject-matter jurisdiction of the federal courts under the Foreign Sovereign Immunities Act. 28 U.S.C. §1604. One exception to that bar is for certain suits against nations that have been designated as sponsors of terrorism, see 28 U.S.C. §1605A(a), but Mexico is not on that list. None of the other exceptions is even arguably applicable.

Day asserts that he wants to sue the holders of these five positions in their individual capacities. The Torture Victim Protection Act permits suits against natural persons, though not against units of government. See *Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012). But that Act also requires the exhaustion of remedies in the nation where the torture is alleged to have occurred, see Section 2(b) of the Act, and Day does not allege that he has sought, let alone exhausted, any remedies in Mexico.

What is more, the Act does not create an exception to the constitutionally based rule that a court of the United States needs personal jurisdiction over each defendant. There may well be personal jurisdiction over units of the Mexican government, but if this is genuinely a suit against natural persons rather than offices, personal jurisdiction is essential. Day does not allege that any natural person holding any of the five named offices did anything to Day's detriment in the United States. He does allege that the defendants acted with the knowledge or connivance of persons living in the United States, but personal jurisdiction depends on what the named defendants have done, not on what third parties may have done. Only persons who have purposefully availed themselves of benefits conferred by the polity in which the court sits are subject to personal jurisdiction there. See, e.g., *Walden v. Fiore*, 571 U.S. 277 (2014); *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).

We recognize that personal jurisdiction is a defense that may be waived or forfeited. Because no one has been served with process in this suit, none of the named defendants

(whether they be treated as governmental units or persons) has appeared and asserted a defense. But when screening a prisoner's complaint under §1915A, a district court necessarily acts before the complaint has been answered. It is all but inconceivable that any of the defendants, if the name of an office should be replaced by the name of a person, would waive or neglect any jurisdictional defense.

And any claim would be doubtful on the merits: Day does not allege that any of the occupants of the five offices so much as touched him, but instead that these offices are part of the "command structure" in Mexican prisons. Liability by virtue of one's position is not an approach recognized by U.S. law. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 675–77 (2009). Genuine vicarious liability runs against the employer of the wrongdoers—in this case, Mexico—rather than against intermediary supervisors. Supervisors are responsible for what they do themselves, not for what their subordinates do.

It would therefore be pointless to continue this litigation.

AFFIRMED